**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| VISIBLE CONNECTIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-CV-859-RP |
| | § | |
| ZOHO CORPORATION | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT ZOHO CORPORATION'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Zoho Corporation ("Zoho"), by and through its attorneys, hereby answers the First Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Visible Connections, LLC ("VisiCon") as follows:

## RESPONSE TO THE PARTIES

1.      Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 1 of the Complaint and on that basis denies them.

2.      Zoho admits the allegations in Paragraph 2 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

3.      The allegations set forth in Paragraph 3 of the Complaint appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho admits that the Complaint purports to state a cause of action that arises under the federal patent statutes and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338(a).

4.      The allegations set forth in Paragraph 4 of the Complaint appear to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Zoho admits that its products are available for sale in Texas, as well as in all other states

3489780.v1

in the United States of America. Zoho denies that any of its products infringe any claim of the patents asserted in the Amended Complaint.

5.    The allegations set forth in Paragraph 5 of the Complaint appear to state legal conclusions to which a responsive pleading is not required. To the extent that a responsive pleading is required, Zoho admits that its products are available for sale in Texas, as well as in all other states in the United States of America. Zoho denies that any of its products infringe any claim of the patents asserted in the Complaint. Zoho admits that it has an office at 6800 Burleson Road, Building 310, Suite 200, Austin, Texas 78744.

6.    Zoho admits that it has an office at 6800 Burleson Road, Building 310, Suite 200, Austin, Texas 78744.

7.    Zoho admits that it lists on its website an office located at 6800 Burleson Road, Building 310, Suite 200, Austin, Texas 78744.

## RESPONSE TO FACTUAL BACKGROUND

8.    Zoho admits that on its face, United States Patent No. 6,665,392 (the "'392 patent") purports to be a United States Patent and is titled "Associating Data Connections With Conference Call Telephone." Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the Complaint and on that basis denies them.

9.    Zoho admits that Exhibit A purports to be a true and correct copy of the '392 patent.

10.    Zoho admits that on its face, the '392 patent bears a "Filed" date of July 3, 2000 and an "Appl. No." of 09/610,566. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 of the Complaint and on that basis denies them.

11.    Zoho admits that on its face, the '392 patent bears a "Date of Patent" of December 16, 2003. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of the Complaint and on that basis denies them.

12.    Zoho denies the allegations in Paragraph 12 of the Complaint.

13.    Zoho admits that on its face, United States Patent No. 7,284,203 (the "'203 patent") purports to be a United States Patent and is titled "Method and Apparatus for Application Sharing

3489780.v1

Interface." Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 of the Complaint and on that basis denies them.

14.     Zoho admits that Exhibit B purports to be a true and correct copy of the '203 patent.

15.     Zoho admits that on its face, the '203 patent bears a "Filed" date of July 27, 1999 and an "Appl. No." of 09/362,014.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and on that basis denies them.

16.     Zoho admits that on its face, the '203 patent bears a "Date of Patent" of October16, 2007.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the Complaint and on that basis denies them.

17.     Zoho denies the allegations in Paragraph 17 of the Complaint.

## RESPONSE TO SUBJECT MATTER OF THE '392 PATENT

18.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint and on that basis denies them.

19.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint and on that basis denies them.

20.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and on that basis denies them.

21.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint and on that basis denies them.

22.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and on that basis denies them.

23.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and on that basis denies them.

24.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and on that basis denies them.

25.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Complaint and on that basis denies them.

3489780.v1

26.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Complaint and on that basis denies them.

27.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint and on that basis denies them.

28.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Complaint and on that basis denies them.

29.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Complaint and on that basis denies them.

30.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 30 of the Complaint and on that basis denies them.

31.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint and on that basis denies them.

32.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint and on that basis denies them.

33.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Complaint and on that basis denies them.

34.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Complaint and on that basis denies them.

35.     Zoho admits that Paragraph 35 purports to recite claim 1 of the '392 patent.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 35 of the Complaint and on that basis denies them.

36.     Zoho admits that Paragraph 36 purports to recite claim 5 of the '392 patent.  Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 of the Complaint and on that basis denies them.

37.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Complaint and on that basis denies them.

38.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Complaint and on that basis denies them.

3489780.v1

39.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Complaint and on that basis denies them.

## RESPONSE TO SUBJECT MATTER OF THE '203 PATENT

40.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Complaint and on that basis denies them.

41.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Complaint and on that basis denies them.

42.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Complaint and on that basis denies them.

43.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Complaint and on that basis denies them.

44.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Complaint and on that basis denies them.

45.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Complaint and on that basis denies them.

46.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint and on that basis denies them.

47.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Complaint and on that basis denies them.

48.     Zoho admits that Paragraph 48 purports to recite claims 34 and 35 of the '203 patent. Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48 of the Complaint and on that basis denies them.

49.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint and on that basis denies them.

50.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Complaint and on that basis denies them.

51.     Zoho lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint and on that basis denies them.

3489780.v1

52.     Zoho admits that it designs, makes, and sells software to solve business problems.

53.     Zoho admits that it describes its products as operating systems for business.

54.     Zoho admits that it offers products for audio and video conferencing.

55.     Zoho admits that Meeting and Showtime are among its products.

56.     Zoho admits that its Meeting and Showtime have some similar features.

57.     Zoho admits that its products are available to customers.

58.     Zoho admits that it offers products with conferencing features.

59.     Zoho admits that it offers products with conferencing features.

60.     Zoho admits that it offers products with conferencing features.

61.     Zoho admits that it offers products with conferencing features.

62.     Zoho denies the allegations included in paragraph 62.

63.     Zoho admits that it offers suites of products.

64.     Zoho admits that it offers a suite of products called CRM Plus.

65.     Zoho admits that CRM Plus includes communication features

66.     Zoho admits that its CRM Plus suite offers a video call feature.

67.     Zoho admits that its CRM Plus suite offers a video conferencing feature.

68.     Zoho admits that Cliq can be used to communicate.

69.     Zoho denies the allegations in paragraph 69.

70.     Zoho admits that its Workplace suite includes its Meeting and Showtime products.

71.     Zoho admits that its Workplace suite includes its Meeting and Showtime products.

72.     Zoho admits that its Meeting product includes web conferencing features.

73.     Zoho denies the allegations contained in paragraph 73.

74.     Zoho denies the allegations contained in paragraph 74.

75.     Zoho denies the allegations contained in paragraph 75.

76.     Zoho admits that it offers a Knowledge Base with information about its products.

77.     Zoho admits that it offers a Knowledge Base with information about its products, and that it intends for the information to be accurate.

6

78.	Zoho admits that it offers a Knowledge Base with information about its products, and that it intends for the information to be accurate.

79.	Zoho admits that it offers a Knowledge Base with information about its products, and that it intends for the information to be accurate.

80.	Zoho admits that it offers webinars to provide information about its products.

## RESPONSE TO COUNT I

### (Allegations re Direct Infringement of the '392 patent)

81.	Zoho hereby incorporates by reference its responses to paragraphs 1-80 above.

82.	Zoho denies the allegations in Paragraph 82 of the Complaint.

83.	Zoho denies the allegations in Paragraph 83 of the Complaint.

84.	Zoho denies the allegations in Paragraph 84 of the Complaint.

85.	Zoho admits that webpage at the recited link includes the text recited in paragraph 85.

86.	Zoho denies the allegations in Paragraph 86 of the Complaint.

87.	Zoho denies the allegations in Paragraph 87 of the Complaint.

88.	Zoho denies the allegations in Paragraph 88 of the Complaint.

89.	Zoho denies the allegations in Paragraph 89 of the Complaint.

90.	Zoho denies the allegations in Paragraph 90 of the Complaint.

91.	Zoho denies the allegations in Paragraph 91 of the Complaint.

92.	Zoho denies the allegations in Paragraph 92 of the Complaint.

93.	Zoho denies the allegations in Paragraph 93 of the Complaint.

94.	Zoho denies the allegations in Paragraph 94 of the Complaint.

95.	Zoho denies the allegations in Paragraph 95 of the Complaint.

96.	Zoho denies the allegations in Paragraph 96 of the Complaint.

97.	Zoho denies the allegations in Paragraph 97 of the Complaint.

98.	Zoho denies the allegations in Paragraph 98 of the Complaint.

99.	Zoho denies the allegations in Paragraph 99 of the Complaint.

100.	Zoho denies the allegations in Paragraph 100 of the Complaint.

## RESPONSE TO COUNT II

3489780.v1

**(Allegations re Induced Infringement of the '392 Patent)**

101.   Zoho hereby incorporates by reference its responses to paragraphs 1-100 above.

102.   Zoho denies the allegations in Paragraph 102 of the Complaint.

103.   Zoho denies the allegations in Paragraph 103 of the Complaint.

104.   Zoho denies the allegations in Paragraph 104 of the Complaint.

105.   Zoho denies the allegations in Paragraph 105 of the Complaint.

106.   Zoho denies the allegations in Paragraph 106 of the Complaint.

107.   Zoho denies the allegations in Paragraph 107 of the Complaint.

108.   Zoho denies the allegations in Paragraph 108 of the Complaint.

## RESPONSE TO COUNT III

**(Allegations re Direct Infringement of the '203 patent)**

109.   Zoho hereby incorporates by reference its responses to paragraphs 1-108 above.

110.   Zoho denies the allegations in Paragraph 110 of the Complaint.

111.   Zoho denies the allegations in Paragraph 111 of the Complaint.

112.   Zoho denies the allegations in Paragraph 112 of the Complaint.

113.   Zoho admits that webpage at the recited link includes the text recited in paragraph 113.

114.   Zoho admits that webpage at the recited link includes the text recited in paragraph 114.

115.   Zoho denies the allegations in Paragraph 115 of the Complaint.

116.   Zoho denies the allegations in Paragraph 116 of the Complaint.

117.   Zoho denies the allegations in Paragraph 117 of the Complaint.

118.   Zoho admits that its Knowledge Base provides information about its products, including its Showtime product.

119.   Zoho admits that its Knowledge Base provides information about its products, including its Showtime product.

120.   Zoho admits that its Knowledge Base provides information about its products, including its Showtime product.

3489780.v1

121.    Zoho admits that webpage at the recited link includes the text directly quoted in paragraph 121.

122.    Zoho denies the allegations in Paragraph 122 of the Complaint.

123.    Zoho denies the allegations in Paragraph 123 of the Complaint.

124.    Zoho denies the allegations in Paragraph 124 of the Complaint.

125.    Zoho denies the allegations in Paragraph 125 of the Complaint.

126.    Zoho denies the allegations in Paragraph 126 of the Complaint.

127.    Zoho denies the allegations in Paragraph 127 of the Complaint.

128.    Zoho denies the allegations in Paragraph 128 of the Complaint.

129.    Zoho denies the allegations in Paragraph 129 of the Complaint.

130.    Zoho denies the allegations in Paragraph 130 of the Complaint.

131.    Zoho denies the allegations in Paragraph 131 of the Complaint.

132.    Zoho denies the allegations in Paragraph 132 of the Complaint.

133.    Zoho denies the allegations in Paragraph 133 of the Complaint.

## RESPONSE TO COUNT IV

### (Allegations re Induced Infringement of the '203 Patent)

134.    Zoho hereby incorporates by reference its responses to paragraphs 1-133 above.

135.    Zoho denies the allegations in Paragraph 135 of the Complaint.

136.    Zoho denies the allegations in Paragraph 136 of the Complaint.

137.    Zoho denies the allegations in Paragraph 137 of the Complaint.

138.    Zoho denies the allegations in Paragraph 138 of the Complaint.

139.    Zoho denies the allegations in Paragraph 139 of the Complaint.

140.    Zoho denies the allegations in Paragraph 140 of the Complaint.

141.    Zoho denies the allegations in Paragraph 141 of the Complaint.

## RESPONSE TO JURY DEMAND

142.    Zoho admits that VisiCon demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

3489780.v1

## RESPONSE TO PRAYER FOR RELIEF

Zoho denies that VisiCon is entitled to the relief it seeks in Paragraphs A-E or any relief at all for the allegations made in its First Amended Complaint. Zoho denies all allegations in the First Amended Complaint that have not been specifically admitted in paragraphs 1- 142 above.

## AFFIRMATIVE DEFENSES

Zoho hereby asserts the following affirmative and other defenses to the claims and allegations contained in the First Amended Complaint. Zoho reserves the right to seek leave to amend this Answer to First Amended Complaint to plead additional defenses and/or to supplement its existing defenses.

### First Defense (Non-Infringement)

143. Zoho has not infringed, and does not infringe, and is not liable for any infringement of any claim of the '392 patent or any claim of the '203 patent.

### Second Defense (Invalidity)

144. The '392 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 103, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling disclosure.

145. The '203 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of the United States Code, or the rules, regulations, and the law related thereto, including, without limitations, in 35 U.S.C. §§ 101, 103, 103, and 112 because the alleged invention lacks patentable subject matter; was used or known by others in this country or was patented or described in a publication before the date of the alleged invention; or was patented or

3489780.v1

described in a publication or were in public use or on sale for more than one year before the date of the patent application; or was not invented by the named inventors; or was invented by another prior to the date of the alleged invention; or was obvious in view of the prior art; or is indefinite; or does not claim what the applicants regarded as their invention; or does not contain a proper written description or enabling disclosure.

### Third Defense (Limitation on Damages)

146.    VisiCon's claim for damages is barred, in whole or in part, by 35 U.S.C. § 286 and 35 U.S.C. § 287 and VisiCon's failure to provide notice thereunder.

### Fourth Defense (Limitation on Costs)

147.    VisiCon's claim for costs is barred, in whole or part, by 35 U.S.C. § 288 and 28 U.S.C. § 1928

### Fifth Defense (Laches)

148.    VisiCon's claims are barred, in whole or part, by the doctrine of laches.

### Reservation of Additional Defenses

149.    Zoho reserves any and all additional defenses available to them under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

## COUNTERCLAIMS

Defendant Zoho Corporation ("Zoho") asserts the following counterclaims against Plaintiff Visible Connections, LLC ("VisiCon").

1.    On information and belief, VisiCon is a limited liability company organized and existing under the laws of Georgia, having its principal office at 4725 Peachtree Corners Circle Day Building, STE 230, Peachtree Corners, GA 30092.

2.    Defendant Zoho is a corporation organized and existing under the laws of California.

## JURISDICTION AND VENUE

3.    This is a civil action for a declaration of noninfringement and invalidity of United States Patent Nos. 6,665,392 (the "'392 patent") and 7,284,203 (the "'203 patent") arising under the Declaratory Judgement Act, 28 U.S.C. §§ 2201, et. seq., and the Patent Laws of the United States, 35

3489780.v1

U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.      This Court has subject matter jurisdiction over these counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-22-2, and 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c), and (d) and because VisiCon filed its Complaint in this District.

## COUNT I

### (Declaratory Judgment of Noninfringement of the '392 Patent)

6.      Zoho incorporates by reference and realleges the allegations contained in Paragraphs 1-5 above, as though fully set forth herein.

7.      VisiCon alleges in its Complaint that it is the assignee and owner of all claims of all right, title and interest to the '392 patent, with the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

8.      VisiCon alleges in its Complaint that Zoho has infringed the '392 patent.

9.      Zoho denies that it has infringed directly or indirectly any claim of the '392 patent.

10.      An actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., therefore exists between Zoho and VisiCon with regard to the infringement of the '392 patent.

11.      A judicial declaration of Zoho's noninfringement of the '392 patent is necessary and appropriate to resolve this controversy.

## COUNT II

### (Declaratory Judgment of Invalidity of the '392 Patent)

12.      Zoho incorporates by reference and realleges the allegations contained in Paragraphs 1-11 above, as though fully set forth herein.

13.      Zoho contends that the claims of the '392 patent are invalid for failure to comply with the conditions for patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.      VisiCon contends in its Complaint that one or more claims of the '392 patent are valid and enforceable.

3489780.v1

15.     An actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., therefore exists between Zoho and VisiCon with regard to the validity of the '392 patent.

16.     A judicial declaration of the invalidity of the '392 patent is necessary and appropriate to resolve this controversy.

## COUNT III

### (Declaration of Noninfringement of the '203 Patent)

17.     Zoho incorporates by reference and realleges the allegations contained in Paragraphs 1-16 above, as though fully set forth herein.

18.     VisiCon alleges in its Complaint that it is the assignee and owner of all claims of all right, title and interest to the '392 patent, with the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

19.     VisiCon alleges in its Complaint that Zoho has infringed the '203 patent.

20.     Zoho denies that it has infringed directly or indirectly any claim of the '203 patent.

21.     An actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., therefore exists between Zoho and VisiCon with regard to the infringement of the '203 patent.

22.     A judicial declaration of Zoho's noninfringement of the '203 patent is necessary and appropriate to resolve this controversy.

## COUNT IV

### (Declaration of Invalidity of the '203 Patent)

23.     Zoho incorporates by reference and realleges the allegations contained in Paragraphs 1-22 above, as though fully set forth herein.

24.     Zoho contends that the claims of the '203 patent are invalid for failure to comply with the conditions for patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     VisiCon contends in its Complaint that one or more claims of the '203 patent are valid and enforceable.

3489780.v1

26.     An actual and justiciable controversy within the meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., therefore exists between Zoho and VisiCon with regard to the validity of the '203 patent.

27.     A judicial declaration of the invalidity of the '203 patent is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Zoho prays for judgment in its favor and against VisiCon as follows:

A.  That VisiCon take nothing by its claims;

B.  That the Court enter judgment against VisiCon and in favor of Zoho and that VisiCon's claims be dismissed in their entirety, with prejudice;

C.  That the Court declare that Zoho does not infringe and has not infringed any claim of the '392 patent or the '203 patent;

D.     That the Court declare that the claims of each of the '392 patent or the '203 patent are invalid;

E.  That the Court deem this an exceptional case under 35 U.S.C. § 285 and award Zoho its costs and reasonable attorneys' fees; and

F.  That the Court grant Zoho any and all other further relief that the Court deems just and proper.

Respectfully submitted,

By:        */s/ Ryan J. Marton*
Ryan Marton (admitted *pro hac vice*)
ryan@martonribera.com
Hector Ribera (admitted *pro hac vice*)
hector@martonribera.com
Carolyn Chang (admitted *pro hac vice*)
carolyn@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:    (415) 360-2511

Mathew C. Powers (SBN 24046650)
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5725 Telephone

(512) 536-9938 Telecopier
mpowers@gdhm.com

ATTORNEYS FOR DEFENDANT ZOHO CORPORATION

3489780.v1